Curia, per Frost, J.
The defendants were two of five obligors in a bail bond, the principal being the fifth party. Two of the parties were out of the jurisdiction of the court. The non-joinder in the writ of the third, who was within the jurisdiction, being irregular, the plaintiff moved to discontinue against one of the parties in the writ to obviate that objection. The case is not distinguishable from that of Fitch, assignee, vs. Heisse, Cheves, 185. In that case the writ was issued against three obligors. Non est inven-tus was returned as to one. It is not stated in the report of the case that this party was within the jurisdiction ; but he must'have been, otherwise the failure to serve him with process was provided for by the statute, and a discontinuance was unnecessary. The plaintiff was allowed to discontinue against all the parties except one. It is attempted to distinguish this case from that, on the ground that in Fitch, assignee vs. Heisse, all the obligors were joined in the writ, and it was regular; but in this case only two were joined in the writ, and it is therefore irregular. In each case the exception would be the same, the want of necessary parties to the suit as a joint action. Service of process is necessary to make a party to a suit. The neglect or omission is not aided by inserting the name of the party in the process. It is to obviate the objection of *13 the want of necessary parties to the suit, as a joint action, that the rule permits the plaintiff to discontinue as to all except one, and thus, after suit commenced, elect to proceed by a several action.
The motion is granted.
Richardson, O’Neall, Evans and Butler, JJ. concurred.
Wardlaw, J.
Out of our own cases, I find nothing concerning discontinuance as to certain defendants. In actions ex delicto, nol. pros, as to certain defendants may be entered ; but not at common law in actions ex contractu.
I am not disposed to extend our decisions further than they have gone.